ROBERT J. STUART v. THE STATEN ISLAND CLAY
COMPANY.

Argued June 11, 1900—Decided December 29, 1900.

A corporation cannot evade liability on a contract made by its general
manager, upon the ground that the making of the contract was
not within the scope of his powers, when it appears that the con-
tract was made by him in pursuance of specific instructions from
the vice president and managing director, each having full power
to confer upon him such authority.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE and
FORT.

For the plaintiff, *Otto Crouse.*

For the defendant, *Sherrerd Depue.*

PER CURIAM.

This suit was brought by the plaintiff to recover moneys
claimed to be due to him from the defendant upon a certain
contract, made by plaintiff with the general manager of the
defendant company, for the construction of certain "crab rack
cars." The case was tried by the court, without a jury, and
resulted in a finding in favor of the plaintiff for the contract
price of the "cars."

The defendant now seeks to set aside the finding, upon the
ground that the making of the contract was not within the
scope of the powers of its general manager.

The proofs show otherwise. Even if it be conceded, as
argued by counsel of the defendant, that the position of
general manager of a corporation does not carry with it the
power to make such a contract as that now sued upon, it can-
not benefit the defendant, for it plainly appears from the
proofs that this particular contract was made by its general

*36 Vroom.* Hannon v. North Jersey Street Ry. Co.

manager in pursuance of specific instructions received by him from its vice president, and also from its managing director, each of whom had full power to confer upon him authority to make the contract.

The rule to show cause should be discharged.